John R. STRAUB and Suree M. Straub, Plaintiffs,

v.

DESA INDUSTRIES, INC., Teledyne Wisconsin Motors of Milwaukee and Cann's Lawn & Power Equipment, Defendants.

Civ. A. No. 79–859.

United States District Court, M. D. Pennsylvania.

Oct. 15, 1979.

---

7. Copp and Sully-Miller both received most of their revenue from the sale of asphaltic concrete in place.

Ronald J. Karasek, Zito, Martino & Karasek, Bangor, Pa., for plaintiffs.

Timothy E. Foley, Bour, Gallagher & Foley, Scranton, Pa., for Desa Industries.

Cody H. Brooks, Henkelman, Kreder, O'Connell & Brooks, Scranton, Pa., for Cann's.

Joseph R. Rydzewski, Nogi, O'Malley & Harris, Scranton, Pa., for Teledyne.

## MEMORANDUM

CONABOY, District Judge.

Plaintiffs filed this action to recover for injuries that Plaintiff-husband suffered when a component part of a machine he was using in his employment became loose and struck his arm. He and his wife brought this lawsuit against Desa Industries, Inc., an Illinois Corporation, Teledyne Wisconsin Motors of Milwaukee, a Wisconsin Corporation, and Cann's Lawn and Power Equipment (Cann's), a sole proprietorship engaged in business in Macungie, Pennsylvania. Jurisdiction is based on 28 U.S.C.A. § 1332, alleging diversity of citizenship and an amount in controversy in excess of $10,000.

Defendant Cann's filed a Motion to Dismiss under Rule 12(b) for lack of jurisdiction over the subject matter. Because there is lack of diversity between the Plaintiff and Defendant Cann's, the motion must be granted.

Plaintiffs, in their Complaint allege that they are Pennsylvania residents, and that Defendant Cann's was doing business in Pennsylvania. With its Motion to Dismiss, the Defendant has filed an affidavit stating that at all times material to this action, Cann's was a sole proprietorship owned and operated by Roger Cann, who at all times material was a citizen and resident of the Commonwealth of Pennsylvania.

■ In order to have jurisdiction over a cause of action based on diversity, there must be complete diversity. "Diversity jurisdiction does not exist unless *each* Defendant is a citizen of a different state than *each* Plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274. (emphasis in original).

Plaintiff argues that even if there is no diversity of citizenship between the Plaintiffs and this Defendant, the Court may assert pendent or ancillary jurisdiction over this claim. This contention was firmly rejected by the Supreme Court in a similar case, *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274. That case involved an action brought by an Iowa Plaintiff whose husband had been killed when the boom of a crane near which he was walking came into contact with a high tension power line. The suit was brought in an Iowa Federal Court on the basis of diversity against the power company, a Nebraska Corporation. The power company brought a third-party complaint against Owen Equipment & Erection Co. (Owen), a Nebraska Corporation whose principal place of business was in Iowa, and therefore an Iowa citizen for purposes of diversity. Plaintiff then amended her complaint to name Owen as an additional Defendant.

The power company moved for summary judgment, and their motion was granted. The case went to trial on Plaintiff's claim against Owen, and the jury returned a verdict in Plaintiff's favor, which was affirmed on appeal. Owen appealed to the Supreme

Court, challenging the Iowa Court's exercise of ancillary jurisdiction over the Plaintiff's claim against them. In holding that the district court lacked jurisdiction over this case, the Supreme Court wrote:

It is not unreasonable to assume that, in generally requiring complete diversity, Congress did not intend to confine the jurisdiction of federal courts so inflexibly that they are unable to protect legal rights or effectively to resolve an entire, logically entwined lawsuit. Those practical needs are the basis of the doctrine of ancillary jurisdiction. But neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a Plaintiff's cause of action against a citizen of the same State in a diversity case. Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship. The policy of the statute calls for its strict construction. (cites omitted) To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command. *Owen*, Id., 377, 98 S.Ct. 2404.

Applying these principles to the case at bar, it is clear that Defendant Cann's Motion to Dismiss must be granted. Both Plaintiff and Cann's are Pennsylvania citizens. Therefore this Court cannot exert jurisdiction based on diversity over Plaintiff's claim against Cann's.